UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
BRICKLAYERS INSURANCE AND
WELFARE FUND, <u>et al.</u>,

                         Plaintiffs,

       - against -

SUKHMANY CONSTRUCTION, INC., <u>et ano.</u>,

                         Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**

13-CV-6803 (ILG) (SMG)

GLASSER, Senior United States District Judge:

On July 25, 2014, this Court entered a default judgment in favor of the

International Union of Bricklayers & Allied Craftworkers Local 1 of New York ("Local 1")

and its fringe benefit funds (the "Funds"; together, "Plaintiffs") against Sukhmany

Construction, Inc. ("Sukhmany") along with its alleged owner and president, Sandeep

Boparai ("Boparai"; together, "Defendants"), assessing $91,320.29 in damages against

Sukhmany and $18,331.40 against Boparai, which included unpaid contributions and

remittances that Defendants had agreed to provide to Plaintiffs pursuant to a collective

bargaining agreement (the "CBA"), statutory damages, interest, and costs.  Defendants

now move to vacate the default judgment pursuant to Federal Rule of Procedure

60(b)(4), alleging that it is void because they were never properly served with process.[1]

For the following reasons, that motion is DENIED.

---

[1] Because Defendants did not specify the subsection of Rule 60(b) under which they were requesting
relief, the Court analyzed their arguments and found them to sound in Rule 60(b)(4), even though the
cases and standards Defendants cited largely concerned Rule 60(b)(1) (which provides for vacatur in the
event of "mistake, inadvertence, surprise or excusable neglect").  See <u>N.Y.C. Dist. Council of Carpenters
Pension Fund v. G&M Drywall Sys., Inc.</u>, No. 07 Civ. 1969, 2010 WL 2291490, at *1 (S.D.N.Y. June 1,
2010) (reviewing a generic Rule 60(b) motion to determine what subsections it invoked, notwithstanding
the parties' own characterizations).

**BACKGROUND**

Plaintiffs commenced this action on December 3, 2013, alleging that Defendants violated Sections 515, 404 and 409 and the Employee Retirement Income Security Act of 1974 ("ERISA"), Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), and state law by failing to provide contributions and remittances to the Funds as required by the CBA. See Dkt. No. 1. On December 23, 2013, Plaintiffs' process server delivered copies of the summonses and Complaint to 95-01 134th Street, South Richmond Hill, New York 11419 (the "Richmond Hill address"), which was Sukhmany's listed address in the CBA. See Dkt. Nos. 4 & 5; CBA (annexed to Pls.' Opp. Mem. (Dkt. No 19) as Ex. A) at 56-57. According to their affidavits of service, the summonses and Complaint were left with a "Mr. Singh," apparently both a general agent of Sukhmany and a "co-tenant" of Boparai, whose true name was unknown to Plaintiffs' process server. See Dkt. Nos. 4 & 5. The Clerk of Court noted Defendants' failure to appear or otherwise defend this action on March 18, 2014. Dkt. Nos. 9 & 10. Plaintiffs moved for a default judgment on July 18, 2014, which this Court granted. Dkt. Nos. 12 & 13.

Defendants officially appeared for the first time in this case on November 25, 2014. Dkt. No. 17. The previous day, their counsel had submitted a proposed motion to vacate the default judgment against them on the grounds that they had not been properly served in this action, which they asked the Court to address via an Order to Show Cause ("OSC"). Dkt. No. 16. The crux of their argument was that Sukhmany had moved its offices to 150-28 Liberty Avenue, Jamaica, New York 11419 (the "Jamaica address") in October of 2012, over a year before this action was filed, and that Plaintiffs knew or should have known that neither defendant could properly be served at the

Richmond Hill address.  Defendants only became aware of this suit, they claimed, after payments owed to them from suppliers and vendors were blocked by Plaintiffs' attempts to enforce the judgment.

The Court issued an OSC, and counsel for both parties appeared on November 25, 2014 to argue Defendants' application for a temporary restraining order that would stay enforcement of the judgment until Defendants' motion to vacate could be heard. That application was denied.  Dkt. No. 18.  As the parties were unable to agree on a hearing date, the Court held a telephone conference and directed them to expeditiously brief this motion for consideration on submission.  Dkt. No. 22.  Plaintiffs filed a memorandum of law in opposition to Defendants' motion on December 2, 2014 and a supplemental affidavit on December 10, 2014.  Dkt. Nos. 19 & 24.  Defendants filed reply papers on December 12, 2014.  Dkt. No. 25.

## LEGAL STANDARD

Rule 55(c) of the Federal Rules of Civil Procedure allows a court to set aside a default judgment pursuant to Rule 60(b).  State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166 n.4 (2d Cir. 2004).  There is tension, however, between courts' disfavor of default judgments where it appears that a case may be resolved on its merits and the general rule that the finality of judgments should not be disturbed.  See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).  Thus, while default judgment is a severe sanction reserved for rare occasions, and courts must resolve all doubts in favor of a party seeking vacatur, the decision to vacate is ordinarily left to the discretion of the district court.  See id.

Complicating the matter further are the limitations placed on a court when a party invokes Rule 60(b)(4), which provides for vacatur of "void" judgments.  "[A] void

judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. . . . The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." United Students Aid Funds, Inc. v. Espinoza, 559 U.S. 260, 270 (2010). Indeed, the Supreme Court has limited that list to cases suffering from a "total want of jurisdiction" or "a violation of due process that deprive[d] a party of notice or the opportunity to be heard." See id. at 271 (internal quotation marks and citations omitted). The discretion a district court has in determining whether such infirmities exist, however, is more circumscribed than in the ordinary context of a Rule 60(b) motion: "the judgment is either void or it is not." Cent. Vt. Pub. Serv. Corp. v. Hebert, 341 F.3d 186, 189 (2d Cir. 2003) (quoting Recreational Props., Inc. v. Sw. Mortg. Serv. Corp., 804 F.2d 311, 314 (5th Cir. 1986)).

## DISCUSSION

Plaintiffs argue that service to the Richmond Hill address was proper, and the default judgment is therefore not void for want of personal jurisdiction, because the CBA specifies that address as where any "notices, demands or other communications which are required to be or may be given under this Agreement" should be sent. Pls.' Opp. Mem. at 3; CBA at 55. Plaintiffs are correct. Although Defendants claim that they left that address in October of 2012, they did not provide any formal notice to Plaintiffs that they did so, despite the CBA's express provision for such notice. See CBA at 55. And while Defendants submit emails from 2013 and 2014 indicating that Plaintiffs knew or should have known that the Jamaica address was also in use by Sukhmany, contemporaneous documents submitted by Plaintiffs show that the Richmond Hill address still featured on the company's letterhead and payroll documentation throughout 2013. See Pls'. Supp. Decl., Exs. A & C. Finally, the lack of responsiveness

4

and candor to Local 1's inquiries that Defendants depict in their own submissions could lead a reasonable observer to conclude that they were less than keen to fulfill their requirements under ERISA or the LMRA.  See, e.g., Defs.' Reply, Ex. A (notice of eviction from the Jamaica address at which Defendants contend Plaintiffs should be required to serve them); Ex. E (email from an auditor indicating that no one was answering the phone at Sukhmany and its voicemail boxes were full).

Even ignoring all of the foregoing, the question as to whether Defendants were properly served is academic in light of their lack of a meritorious defense to Plaintiffs' claims.  They raise conclusory allegations as to the proper amount Plaintiffs are owed (see OSC App., Ex. B ¶ 16) but do not dispute that they are ultimately liable.  Thus, even if service was so flawed as to create a total want of personal jurisdiction (which it was not, given that similar service on alleged unknown co-tenants or general agents at an address a company indicated as its place of business has been held sufficient, see, e.g., Council of Carpenters, 2010 WL 2291490, at *11-14; DCH Auto Grp. (USA), Inc. v. Fit You Best Auto, Inc., No. 05-CV-2973, 2007 WL 2693848, at *3-4 (E.D.N.Y. Sept. 12, 2007)), voiding the default judgment would serve no purpose.[2]

In short, it was entirely proper for Plaintiffs to follow the rules of the CBA and serve the summonses, Complaint, and motion for default judgment in this action on the address Defendants listed therein, since those documents are, in effect, "demands or other communications which . . . may be given" under the agreement.  See CBA at 55. Defendants had actual notice that they were not fulfilling their obligations to the Plans,

---

[2] Even if the Court agreed with Defendants' implied characterization of this motion as one made pursuant to Rule 60(b)(1), the motion would still fail, as the key factor for vacatur of a default judgment under that rule is the existence of a meritorious defense, which is utterly lacking here.  See State Street, 374 F.3d at 174 ("the absence of such a defense is sufficient to support [a] district court's denial of [a] Rule 60(b) motion").

because they were not making payments as the CBA required.[3]  While they may now wish to contest the precise scope of their liability, there is no question as to whether they are liable, and their alleged failure to receive documents informing them of Plaintiffs' intent to seek redress for that liability before this Court was of their own making.  "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights," as Defendants did here, and their motion is denied accordingly.  See Espinoza, 559 U.S. at 275.

## CONCLUSION

For the foregoing reasons, the default judgment is not void, and Defendants' motion to vacate it is therefore DENIED in its entirety.

SO ORDERED.

Dated:        Brooklyn, New York
              December 22, 2014


                                          _____/s/_____
                                          I. Leo Glasser
                                          Senior United States District Judge

---

[3] Defendants argue that a general contractor should have been paying Plaintiffs and "back charging" Sukhmany pursuant to an agreement signed on August 15, 2012 (Defs.' Mem. at 7 (citing OSC App., Ex. J)), but that agreement is specific to one particular project and does not cover the entire period of delinquency uncovered in Plaintiffs' audit of Sukhmany, making Defendants' claims of ignorance ring particularly hollow.